# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**21-346**

**STATE OF LOUISIANA, ET AL.**

**VERSUS**

**THE RED RIVER WATERWAY COMMISSION, ET AL.**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, DOCKET NO. 90,597
HONORABLE LALA B. SYLVESTER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*

**SYLVIA R. COOKS**
**CHIEF JUDGE**
\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Chief Judge, Jonathan W. Perry and Charles G. Fitzgerald, Judges.

**APPEAL DISMISSED.**

**Jeff Landry, Attorney General**
**Carey Tom Jones, Assistant Attorney General**
**David Jeddie Smith, Jr., Assistant Attorney General**
**Alexander T. Reinboth, Assistant Attorney General**
**Larry Sudduth, Assistant Attorney General**
**Louisiana Department of Justice**
**Civil Division**
**P.O. Box 94005**
**Baton Rouge, LA  70804**
**(225) 326-6000**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
        **State of Louisiana**

**Billy Joe Harrington, District Attorney**
**J. Chris Guillet, Assistant District Attorney**
**P.O. Box 838**
**Natchitoches, LA 71458**
**(318) 357-2214**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
        **State of Louisiana**

**Gregory Brian Upton**
**Gold, Weems, Bruser, Sues & Rundell**
**P.O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Red River Waterway Commission**

**Mark Alexander Begnaud**
**P.O. Box 1369**
**Natchitoches, LA 71458**
**(318) 352-6495**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Red River Waterway Commission**

**Matthew Ferdinand Block**
**John C. Walsh**
**Office of the Governor**
**P.O. Box 94004**
**Baton Rouge, LA 70804**
**(225) 342-7015**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **John Bel Edward, Governor, State of Louisiana**

**COOKS, Chief Judge.**

This appeal involves the appointment of Ronald F. Lattier as the Caddo Parish Member to the Red River Waterway Commission (hereafter the Commission). The appointment of Lattier was made by Louisiana Governor John Bel Edwards. Seven Parish Members comprise the Commission, each representing a parish through which the Red River runs, as well as four at-large members. The appointment was prompted by the sudden passing of Caddo Parish Member Mickey Prestridge. At the time of the Governor's appointment, Lattier was already serving as an at-large member of the Commission. Lattier then resigned his position as an at-large member and was appointed by the Governor to serve out the remainder of Prestridge's term, which expired on July 1, 2021. The Louisiana State Senate confirmed Lattier's appointment on May 18, 2018. Michael DeVille was then appointed by the Governor to fill the at-large position vacated by Lattier.

On September 25, 2018, the State of Louisiana, through Attorney General Jeff Landry, and Carolyn Prator, filed suit against the Commission, Lattier and DeVille, under the Intrusion Into Office Act, La.R.S. 42:71-87, alleging the appointment of Lattier was conducted contrary to La.R.S. 34:2302(D), which governs appointments to the Commission. Later, by amended petition, the Governor was added as a defendant. Defendants filed a peremptory exception of no right of action as to Ms. Prator's presence in the lawsuit. By judgment dated March 25, 2019, the trial court granted the exception of no right of action as to all of Ms. Prator's claims under the Intrusion Into Office Act and dismissed them with prejudice.[1]

Trial of the matter was continued several times. During this period DeVille was voluntarily dismissed as a defendant on the State's motion. Prior to trial, the

---

[1] Despite the grant of Defendant's exception of no right of action, the trial court's judgment of March 25, 2021 dismissed "the Petition of the State of Louisiana and Ms. Carolyn Prator . . . finding no violation of La.R.S. 34:2303(D)[.]" The judgment also granted costs in the amount of $4,196.66 to Plaintiffs. The trial court's inclusion of Ms. Prator in the final decree and any assessment of costs against her is erroneous.

parties agreed to submit the matter for consideration on memoranda and the stipulated facts and exhibits. The parties submitted the case to the trial court on March 22, 2021.

The trial court noted the case was controlled by La.R.S. 34:2302(D), which provides:

> D. Within thirty days prior to the expiration of the term of office of any member or within thirty days after occurrence of a vacancy prior to the expiration of the term of office of any member, the aforesaid respective nominating bodies so entitled shall, in the parish where appropriate, designate a nominee for the new term or to fill the vacancy. Such nominations shall be made on the same basis, in the same manner and in accordance with the same procedures required for nominations for initial membership on the commission. From the list or panel of names submitted, the governor shall appoint the parish member for the new term or to fill the vacancy as soon as possible after the names of the nominees of the respective nominating bodies have been received by him, subject to the requirements heretofore specified for such membership.

The State alleged the Governor's failure to make the appointment within the procedures set forth in the statute rendered the appointment of Lattier unlawful and, thus, removal under the Intrusion Into Office Act was appropriate.

The State noted the nomination of Carolyn Prator was sent in by all three nominating bodies. However, as the trial court stated in its reasons for judgment, the nominating bodies did not "designate a nominee" to fill the vacancy created by Prestridge's passing within the thirty-day period as required by La.R.S. 34:2302(D). The statute specifically mandates the nominating bodies shall designate a nominee "within thirty days after occurrence of a vacancy." Prestridge died on February 5, 2018, which meant that the thirty-day period expired on March 7, 2018. The trial court noted the first nomination letter (from the Caddo Levee District) was dated March 8, 2018, with other nomination letters dated on March 15, 2018 (from the Red River Valley Association) and March 22, 2018 (from the Caddo Parish Commission). Prator was the nominee of all three nominating bodies.

The trial court concluded, because no nominations were sent within the thirty-day period, there was no "list or panel of names submitted" from which "the governor shall appoint the parish member for the new term or to fill the vacancy." Thus, no legal requirement existed for the Governor to consider the untimely nominations.

Plaintiffs argued, despite the failure to submit the nominations within the thirty-day period, the nomination of Prator did occur before the Governor's appointment of Lattier, thus the Governor should have appointed Prator. The trial court found this argument unpersuasive, concluding as follows:

> However, [the fact the Governor received Prator's nomination before he appointed Lattier] is of little import as the statutory deadline is not "any time prior to appointment of another" but "within thirty days after the occurrence of a vacancy." To accept the State's strict interpretation of the word "shall: in sentence 3 of subpart (D) would mean that the court must change its interpretation of the same word in sentence 1 of subpart (D).
> . . .
>
> Here both the nominating bodies and the governor have the same degree of burden and the same legislative directive under the word "shall" in La.R.S. 34:2303(D). Since the legislature did not use any words or phrases to modify the import of the word "shall" as to the nominating bodies or to the governor, this court finds that the statute clearly, unambiguously and *with equal imperative* requires that (1) the nominating bodies have not more and no less than thirty days prior to the expiration of member's term or after a vacancy occurs to designate their nominees, *and* (2) the governor must choose from that list to fill that vacancy or new term as soon as possible.
> . . .
>
> Here is it clear that the Commission's nominating bodies failed to make their nominations timely, thus the statutory predicate to the Governor's obligation to fill the vacancy with a nominee did not occur.

The trial court concluded the actions of the Governor or any other defendant were not violative of La.R.S. 34:2302(D) in the appointment of Lattier as the Caddo Parish Member to the Red River Waterway Commission. Based on that finding, the trial court held the claim under Louisiana's Intrusion Into Office Act had no merit.

This appeal followed. The State on June 8, 2021 filed a Motion for Special Setting and Expedited Consideration, maintaining this case presents a "matter impressed with the public interest" and pursuant to La.R.S. 42:85 the appeal of an action brought under the Intrusion Into Office Act shall be heard by preference. The Governor and Lattier opposed the request for a special setting, arguing it was unwarranted in this case. In an opinion rendered on June 30, 2021, this court noted "La.R.S. 42:85 pertains to appeals to the supreme court and does not direct this court to hear this matter by preference" and, thus, was inapplicable to this case. *State v. Red River Waterway Comm'n*, 21-346, p. 3 (La.App. 3 Cir. 6/30/21) (unpublished opinion). We further found "[s]ince Mr. Lattier's term is ending July 1, 2021, we do not agree with the urgency in the state's request for a special setting for this matter." *Id.* This court did agree to expedite the matter and place the case on the next available docket. This appeal was so fixed and is presently before this court. The State assert the following assignments of error:

1.    The district court erred by interpreting La.R.S. 34:2303 to authorize the Governor to disregard the nominations of the three statutory nominating entities for a vacancy in the office of Caddo Parish member of the Red River Waterway Commission.

2.    The district court erred in denying the State's claim under the Intrusion Into Office Act and should have found that Lattier does not lawfully hold office.

**ANALYSIS**

The uncontroverted facts in this case reveal that the term for which Lattier was appointed, which arose due to the passing of Prestridge, ended on July 1, 2021. Despite this fact, the State still requests this court issue declaratory relief in its favor that Lattier's appointment was improper under La.R.S. 34:2303(D). Lattier and the Governor both maintain the controversy before this court has been rendered moot by the expiration of the term in question subsequent to the district court's final

judgment. For the following reasons, we find subject matter jurisdiction in this matter has abated due to mootness.

According to Louisiana jurisprudence, an issue is moot when a judgment or decree on that issue has been "deprived of practical significance" or "made abstract or purely academic." *Cat's Meow, Inc. v. City of New Orleans, Through Dept. of Fin.*, 98-601 (La. 10/20/98), 720 So.2d 1186, 1193. Accordingly, a case is moot when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. *Id.* The controversy must normally exist at every stage of the proceeding, including the appellate stages. *Id.* The supreme court in *Cat's Meow* further explained:

> When the challenged article, statute, or ordinance has been amended or expired, mootness may result if the change corrects or cures the condition complained of or fully satisfies the claim. Further, if it is concluded that the new legislation was specifically intended to resolve the questions raised by the controversy, a court may find that the case or controversy is moot. In such a case, there is no longer an actual controversy for the court to address, and any judicial adjudication on the matter would be an impermissible advisory opinion.

We note this court, in our prior rejection of the State's motion for special setting, did not find there was any urgency that required a special setting. It is clear the underlying facts at issue relate to a term of office which has now expired. The State's Amended Petition in its request for relief asks for "[a] declaration that the Governor's purported appointment of Ronald F. Lattier to the office of Caddo parish member of the Red River Waterway Commission is contrary to law and that Ronald F. Lattier therefore unlawfully holds and occupies such office." Clearly, the purpose of this request is to remove Lattier from office; however, that is not possible any longer as that term has expired. Thus, any judgment to that effect, even were it deemed to be appropriate under the law, would serve no useful purpose and give no practical relief or effect.[2]

---

[2] The Governor and Lattier also note in March of 2021, the Governor received a resolution from the Caddo Parish Commission nominating Lattier to serve as Caddo Parish Member for the term

Therefore, we find, even if the State were entitled to the relief sought, to alter the trial court's judgment would not serve any "useful purpose" or "give any practical relief or effect."  Therefore, we find subject matter jurisdiction in this controversy has abated and rendered the controversy moot.

## DECREE

For the above and foregoing reasons, the State's appeal of the trial court's judgment denying its claim that the Governor's actions violated Louisiana's Intrusion Into Office Act is hereby dismissed as moot.  The State is taxed with all costs of these proceedings.  Pursuant to the requirement of La.R.S. 13:5112(A), we set those costs in the monetary amount of $7,256.25.

**APPEAL DISMISSED.**

---

beginning on July 1, 2021.  The Governor acted on that nomination and appointed Lattier to serve a new term on July 1, 2021.  On July 19, 2021. Lattier took his oath of office to serve as Caddo Parish Member for a new six-year term.  Thus, there can no longer be any contention that Lattier is not lawfully serving as the Caddo Parish Member of the Red River Waterway Commission.